Schuster, Tootle & Co. v. Stout & Wingert.

———

SCHUSTER, TOOTLE & CO. v. STOUT & WINGERT.

1. FULL CROSS-EXAMINATION, *Error in Denying.* It is a general proposition that a cross-examination may extend to all matters drawn out on the direct examination. While there are some limitations upon this general rule, yet where the question in issue is the *bona fides* of a sale of a stock of goods, and it appears that the sale was made in haste, without stopping to take an invoice or otherwise determine the amount of goods, and the vendor immediately after the sale leaves the country with the cash portion of the purchase-price, and the purchasers testify upon the direct examination that the reason the vendor gave for the hasty sale was that he was in a scrape with a girl, and was afraid of prosecution, *held,* that upon cross-examination, the party denying the *bona fides* of the sale should be permitted to inquire as to all that the vendor said in reference to such scrape; and this, for at least two reasons: (1) A full cross-examination might have disclosed that the pretended reason was wholly fictitious, and so understood by the purchasers; or (2), it might have disclosed that he was seeking to avoid liability, in a bastardy action for the support of an illegitimate child, and so informed the purchasers.

34—30 KAS.

2. SALE *With Intent to Defraud.* A sale made with the intent to avoid liability for the support of a bastard child, is a sale with intent to hinder, delay and defraud creditors.

*Error from Kingman District Court.*

AT the April Term, 1883, of the district court, defendants *Stout & Wingert* had judgment against plaintiffs *Schuster, Tootle & Co.*, who bring the case here. The opinion states the facts.

*Gillett & Raymond,* for plaintiffs in error.

The opinion of the court was delivered by

BREWER, J.: In January, 1882, one S. B. Sigler was the owner of a stock of goods in Kingman. On the 4th, he sold the same to defendants in error, and the question in this case is as to the *bona fides* and validity of that sale. Plaintiffs in error were creditors of Sigler, and claim that the sale was made with intent to defraud creditors. The case was tried before a jury. Verdict and judgment were in favor of defendants in error, sustaining the validity of the sale.

Two principal questions are made by counsel: one that the verdict is against the evidence, and the other that the court erred in ruling out testimony. We shall consider only the latter, for, as we think, the court erred in that matter, and therefore a new trial must be granted. Very likely the scope of the testimony on such trial may be quite different. It appears that the sale was made in haste, that no invoice was taken or other means used to ascertain the amount of the stock; that the purchasers paid $1,000 cash, $1,500 in bankable paper, and agreed to pay whatever balance there should be, according to a price agreed upon and to be determined by an invoice, to Sigler's creditors as named in the bill of sale. Sigler left the country immediately after the sale. Upon the trial the two witnesses to uphold the sale were the purchasers themselves. They testified that Sigler gave as his excuse for such haste that he was in trouble with a girl, and was afraid of a prosecution. On cross-examination one of these wit-

nesses was asked what kind of trouble he said he was in with the girl. An objection to this question was sustained, and also one to another question running in the same direction. This ruling is the error complained of. The court erred. The single excuse which the purchasers said was given by the vendor for the haste was this matter with the girl. This excuse was supposed sufficient to explain all the suspicious matters attending the transaction. Hence in respect to it, the largest liberty of cross-examination should have been allowed. Two reasons at least exist. It is evident that there was something suspicious about the transaction. There was a haste not ordinarily seen in the sale of a stock of goods. The explanation given by the purchasers was an alleged trouble on the part of the vendor with a girl. Surely when that is the single explanation, the fullest liberty of cross-examination should be permitted. Generally speaking, a cross-examination should be permitted as to all matters developed in the direct examination. (*Comm'rs v. Craft*, 6 Kas. 145; *Sumner v. Blair*, 9 id. 521; *Callison v. Smith*, 20 id. 28; 1 Greenl. Ev., § 445.) Of course, there are some limitations as are noticed in the cases cited, but none that will sustain the ruling in this case. Perhaps a full cross-examination might have disclosed that this excuse was a mere sham; that the vendor really had no such trouble and was seeking simply to defraud his creditors, and that enough was said to have convinced the purchasers of this fact, or at least to have compelled an inquiry before purchase. Take a strong case: supposing the vendor had said: "I sell because I have had trouble with a girl," and then added: "I say this to you to give you an excuse for purchasing; but the fact is, I have had no trouble at all, and simply want to sell to swindle certain of my creditors;" would it not be strange if inquiry was limited to the first part of this statement? ought not everything he said to be presented to the jury? While so strong a case is not probable, yet he may have said enough to place any prudent person on his guard, and what he did say, the jury had a right to know.

Again, supposing the statement was true, and supposing the trouble he spoke of had developed·to such an extent that he was liable to, and was threatened with, a prosecution in a bastardy action to compel the support of an illegitimate child; then if he was selling with the intent of avoiding his liability for the support of such a child, he was selling with intent to defraud creditors, for one who has a right to recover of him for such support is a creditor, and within the protection of the statutes. (Bump on Fraudulent Conveyances, 486 and 489; *Darnon v. Bryant*, 2 Pick. 411.) So that for this reason also the inquiry should have been permitted.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.